## Frank Freishenmeyer et al.

v.

## Bernhard Lehmkuhl.

*Creditor's Bills — Fraudulent Conveyances — Mortgage — Badges of Fraud.*

1. Upon a creditor's bill seeking to have a mortgage declared fraudulent and the property named therein subject to execution, this court holds that the allegations of fraud are not sustained by the evidence.

2. The omission of the wife of a mortgagor to sign the mortgage and the failure to provide in the note secured for the annual payment of interest, are not such badges of fraud as will sustain a decree declaring the mortgage fraudulent.

3. An insolvent debtor may secure a *bona fide* creditor without being chargeable with fraud, although others are left unsecured.

4. The burden of proof is upon one who alleges fraud.

[Opinion filed October 19, 1888.]

Appeal from the Circuit Court of St. Clair County; the Hon. Amos Watts, Judge, presiding.

Mr. Franklin A. McConaughy, for appellants.

The law is well settled in this State that a debtor can always · prefer one creditor to the exclusion of all others and pay him in full. Francis v. Rankin, 84 Ill. 169; Morris v. Tillson, 81 Ill. 607; Welsch v. Werschem, 92 Ill. 115; Tomlinson v. Mathews, 98 Ill. 178; Goembel v. Arnett, 100 Ill. 34; Storey v. Agnew, 2 Ill. App. 353; Axtell v. Cullen, 3 Ill. App. 527.

Fraud is not presumed. Pratt v. Pratt et al., 96 Ill. 184; Jewett et al. v. Cook, 81 Ill. 260; Hatch et al. v. Jordan, 74 Ill. 414.

The burden of proving fraud rests upon the party alleging it. O'Neal v. Boone et al., 82 Ill. 589; Waterman v. Donalson, 43 Ill. 29.

Both parties must contemplate fraud. Hessing v. McCloskey, 37 Ill. 341; Brown v. Riley, 22 Ill. 45.

The creditor is not affected by notice of other claims. Axtell v. Cullen, 3 Ill. App. 527.

It is not contended by counsel here that in a suspicious case the fact that appellants could not give the exact amounts within a few fractions, some years having elapsed, that the mortgage is for five years, and not signed by wife, which are, perhaps, "badges of fraud," "ear marks of fraud," "circumstances of fraud," "evidence of fraud," or "arguments of fraud," might not have some weight; but when, as in this case, there is no fraud or suspicion of bad faith urged, and none can be, these circumstances amount simply to nothing. Suspicious circumstances, when surrounding a doubtful case, will, of course, be entitled to some, perhaps much, consideration; when the fairness and honesty of the transaction is demonstrated and unquestioned, then the circumstances can not overcome the fact which is proved; in a case, too, where we are only called upon to deny, not prove our case. Both appellants were called by complainant; testified in a straightforward manner as to the whole transaction; were not contradicted; and this was all the evidence.

"Its only effect," says an author, speaking of these circumstances or arguments of fraud, "in general, is to require a more stringent proof of the consideration for the transfer and the good faith of the parties than would be demanded where no such suspicion of unfairness exists." Bump on Fraudulent Conveyances, page 76, citing Terrell v. Green, 11 Ala. 207.

The decree in this case is technically erroneous, and must be reversed. It should have been in the alternative, giving the defendant Behrmann a certain time to pay off the complainant's judgment before directing sale under execution. Patterson v. McKinney, 97 Ill. 41.

Messrs. TURNER & HOLDER, for appellee.

Section 4, chapter 59, Vol. 1, p. 1196, Starr & C., reads: "Every gift, grant, conveyance, assignment or transfer of, or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, * * * shall be void as against such creditors," etc.

A debtor in failing circumstances is only allowed to place his property beyond the reach of his creditors by making a general assignment of it, when he does so for the benefit of the creditors, by devoting it unreservedly to the payment of his debts, and not with a view to his advantage in delaying until a favorable time the appropriation of the property for such purpose. Nesbitt v. Digby, 13 Ill. 387; Merry v. Bostwick, 13 Ill. 409; Boies, administratrix, v. Henney, 32 Ill. 139; Phelps v. Curtis, 80 Ill. 113.

A debtor can not convey to a *bona fide* creditor so as to hinder and delay other creditors. Merry v. Bostwick, 13 Ill. 398; Power v. Alston, 93 Ill. 587; Emerson v. Bemis, 69 Ill. 537; Moore, administrator, v. Wood, 100 Ill. 455; Lawsen v. Funk, 108 Ill. 507.

In the case of Merry v. Bostwick, *supra*, the Supreme Court say: "We think the evidence does show that Bostwick was indebted to Leeher in some amount; but this circumstance does not relieve the transaction from the taint of fraud in law. The statute makes void all conveyances made with the intent to delay, hinder, or defraud creditors of their just and lawful claims."

This doctrine has been approved in Reed et al. v. Nixon, 48 Ill. 324, where it is said: "If the object in making the mortgage was to hinder or delay creditors, the instrument was not purged, because the grantor may also have had some other purpose in view." And also in Hansen v. Dennison, 7 Br. 77.

If, then, the mortgage from Freischenmeyer to Behrmann was made to delay complainant in the collection of his judgment, it is void in law, even though Freischenmeyer owed Behrmann something.

PHILLIPS, J.   This was a creditor's bill filed by appellee against appellant, charging the recovery of a judgment by appellee against Frank Freischenmeyer November 13, 1885, in the County Court of St. Clair county for the sum of $838.85, the issuing execution on that judgment November 20, 1885, return February 1, 1885, "no property found," and charging defendants in execution as being insolvent.   That prior to the rendition of the judgment, but after the indebtedness upon which the judgment was rendered was contracted, on the 23d of October, 1885, defendant in execution made a mortgage to Henry Behrmann, one of the appellants, to secure a note for the sum of $1,000, bearing interest at the rate of eight per cent. per annum, due five years from date, and to secure this note executed a mortgage on certain property in the bill described ; that the premises mortgaged was the homestead of the judgment debtor, and his wife did not join in the execution of the mortgage; avers the mortgage was fraudulent ; that the note was without consideration and was made to defraud creditors, and asks to have the mortgage declared fraudulent and void and that the property mortgaged be declared subject to execution.   Oath to answer is waived.

The answer to the bill denies all allegations except the making of the mortgage and that premises are occupied as a homestead, and alleges that the mortgage was given by the mortgagor to secure the mortgagee for money before that time advanced, and to indemnify him for assuming various indebtedness of the mortgagor on which the mortgagee was security.   Avers the mortgage was given in good faith for a good and valuable consideration.   Replications filed, and on hearing the defendants were called as witnesses by complainant in bill.   The testimony of mortgagor is that the mortgagee had paid one note for $154, and three notes of $100 each, on which he was surety for the mortgagor, and on another note for $310 on which he was surety, he had taken up some. The names of payees of notes are given.   Further states that mortgagee had advanced to him cash, a loan, in 1883, for $77, and in 1884 for $25, and then states that he can not give all the items.

Freishenmeyer v. Lehmkuhl.

The mortgagee, on being called by complainant, testified to same facts, but one of the notes, stated by the mortgagor as $100, he states to be $106, and names an additional note of $108, and the $310 note is stated to be $315, and states cash advanced the same amounts as given by the mortgagor, with an additional $50. Both witnesses state the mortgage was made in good faith to secure a valid indebtedness. The several amounts stated make up the amount of the note secured by mortgage. The value of the property mortgaged is stated to be $4,000 to $5,000.

This was substantially all the evidence in the case. The court entered a decree as prayed for in the bill.

The evidence does not show that the note was without a consideration; on the contrary, it appears from the evidence that the mortgagor was actually indebted to the mortgagee in the amount of the note secured by mortgage in good faith. The mortgage to secure the same must then stand and be held valid and binding as between the parties, unless shown to be fraudulent in law or fact. It can not be held fraudulent because a debtor consents to secure a creditor for a debt, owing in good faith; nor is fraud to be presumed, but the burden of proving it rests on the party alleging it.

The absence of evidence showing fraud in fact in this case then leaves, as the only question to be determined, whether there is fraud in law. The appellee insists that the fact of this note having been given on five years' time, without the interest provided for being paid annually, and the fact that the wife of mortgagor did not sign the mortgage and release homestead, are such badges of fraud that this decree should be affirmed. We can not so hold. We do not in this case find any sufficient facts shown by this evidence on which the decree can be sustained.

The decree is reversed and cause remanded.

*Reversed and remanded.*